## JOSEPH B. VARNUM *et al. versus* CALVIN MARTIN.

In an action against an attorney at law for negligence in making a writ, it appeared that he used a printed form containing the common money counts, with blank spaces for the insertion of sums ; that formerly the word *hundred* was printed in the forms of writs, but was omitted in the recent forms, one of which he made use of, so that by mistake he declared for twelve dollars instead of twelve hundred, the sum due to the plaintiffs being $1000 ; that property to the value of $1200 was attached on the writ, but in consequence of the mistake the plaintiffs lost the benefit of the attachment and were unable to obtain payment of their demand, the debtor being insolvent ; and that at the same time when the attorney made the writ for the plaintiffs he made another, with a similar blank form, in which he wrote the word *hundred*. It was *held*, that this evidence was sufficient to sustain a verdict against the attorney on the ground of negligence.

ASSUMPSIT against the defendant as an attorney at law, on an implied promise by him to do the business of the plaintiffs intrusted to him, with proper care, skill and fidelity, for a reasonable reward ; and he is charged with negligence, carelessness and want of skill, whereby the plaintiffs lost a debt due to them.

The plaintiffs proved, that on August 27, 1832, a debt of

Varnum
*v.*
Martin.

1000 dollars was due to them from E. M. Bissell, and that on that day they employed the defendant to collect it, and gave him directions to secure the demand by an attachment of personal property of Bissell. He made a writ, using a blank form in which the common counts in indebitatus assumpsit were printed with blank spaces for sums, names, dates, &c. There were no other counts. The writ directed the officer to attach property to the value of 1200 dollars, and the *ad damnum* was laid at the same sum, but the defendant inserted a declaration for, 12 dollars only instead of 1200. The officer served the writ, and property to the value of 1200 dollars was attached. In the Court of Common Pleas, judgment was rendered *pro formâ* for the plaintiffs, for the amount of their debt; from which judgment Bissell appealed, but neglected to enter his appeal, and the plaintiffs entered the action in this Court for an affirmation of the judgment. The Court refused to affirm it, because the declaration was erroneous in alleging the debt to be only twelve dollars. Bissell became insolvent in November subsequent to the attachment, and the plaintiffs never received any part of their demand.

The defendant proved, that formerly, in the blank forms of writs, the word *hundred* was *printed*. The plaintiffs proved in answer, that for a year or more previous to the making of the writ in question, the blank forms had omitted the word *hundred*; and that the blank forms used by the defendant for the June term previous were of the new kind; and that at the time when he made the writ in question, he made another writ against Bissell in favor of two of the plaintiffs, in which he wrote the word *hundred*, the blank forms used in both cases being of the same kind.

It was conceded that the defendant was a man of competent skill in his profession, and the case was put upon the ground of negligence.

The jury were instructed, that the defendant was required to possess competent skill, and if there was a want of ordinary skill he would be liable; that an attorney is not liable for every mistake, but if there is a want of reasonable care and diligence, he is liable; and that if he exercises reasonable care and diligence, he is not liable.

Varnum
*v.*
Martin.

The jury found a verdict for the plaintiffs. If the Court should be of opinion that this evidence was not sufficient to support the verdict, a new trial was to be granted.

*Sept.* 10*th.*

*C. A. Dewey* and *Bishop,* for the defendant, contended that the question of negligence was to be determined by the court, upon facts to be found by the jury ; *Foot* v. *Wiswall,* 14 Johns. R. 304 ; and that the facts in the present case did not show such a degree of negligence as would render the defendant liable to the plaintiffs, but merely an inadvertence which might have been committed by the most careful person. *Compton* v *Chandless,* cited in 3 Campb. 19 ; *Gilbert* v. *Williams,* 8 Mass. R. 57 ; 2 Stark. Ev. 133, 134.

*Porter* and *Byington, contrà,* to the point that the negligence proved would sustain the action, cited 2 Kent's Com. 458, 463 ; 2 Stark. Ev. 133 ; 1 Dunlap's Practice, 69 ; *Russel* v. *Palmer,* 2 Wils. 325 ; *Gilbert* v. *Williams,* 8 Mass. R. 57 ; *Dearborn* v. *Dearborn,* 15 Mass. R. 316 ; *Smedes* v. *Elmendorf,* 3 Johns. R. 185 ; *Temple* v. *M'Lachlan,* 5 Bos. & Pul. 136 ; *Shiells* v. *Blackburne,* 1 H. Bl. 161 ; *Denew* v. *Daverell,* 3 Campb. 451.

*Sept.* 12*th.*

*Per Curiam.* Whether the question of negligence should be determined by the jury, or by the court upon the facts being found or agreed, it is not necessary to consider ; as we are of opinion, that the facts show a want of ordinary care and diligence on the part of the defendant, and that there is no good reason for disturbing the verdict. In a case like this, where care was required, it was the duty of the attorney to read over the writ, to see that it was correct. And the defendant cannot allege in excuse, the change which had taken place in the blank forms, for the later forms had been in use for a year or longer, and on the same day that the writ in question was made, he used one of these forms and inserted the word *hundred.*

**Judgment on the verdict.**